IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS E. ROLAND,

        Plaintiff,                                    Civil No. 05-6247-MO

        v.                                          OPINION &ORDER

LINDA S. McMAHON,[1]

        Defendant.

**MOSMAN, J.,**

Plaintiff Douglas Roland seeks judicial review of the Social Security Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner's final decision is AFFIRMED.

---

[1] On January 20, 2007, Linda S. McMahon became the Acting Commissioner of Social Security. She is substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d)(1) and 20 U.S.C. section 405(g).

1 - OPINION AND ORDER

## BACKGROUND

Born in 1954, Mr. Roland has a high school education. Tr.[2] at 88, 221. Between 1988 and 1999 Mr. Roland worked as an appliance repair technician. *Id*. at 216.

Mr. Roland filed successive applications for DIB and SSI on May 25, 2000, February 12, 2001, and December 3, 2001. Tr. 88-90, 106-111, 431-32, 438-39, 447-78. Mr. Roland did not appeal the denial of his first two applications.

Mr. Roland alleges disability as of October 27, 1999 due to "nerve damage," "back and neck pain," and depression. *Id.* at 215. His December 2001 application was denied initially and upon reconsideration. On September 11, 2003, a hearing was held before an Administrative Law Judge ("ALJ"), followed by a supplemental hearing on May 7, 2005, to obtain additional vocational testimony. The ALJ subsequently found Mr. Roland could perform work in the national economy and was therefore not disabled. Tr. 21. Mr. Roland seeks review of this finding.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. Mr. Roland challenges the ALJ's evaluation of the evidence and his conclusions at step five.

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If he is, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step

---

[2] Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer January 5, 2005 (Docket #11).

2 - OPINION AND ORDER

two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month duration requirement. 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, he is not disabled.

At step three, the ALJ determines if the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184. The ALJ uses this information as steps four and five.

At step four, the ALJ considers whether the claimant retains the RFC to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he does, he is not disabled.

If proceedings reach step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 141-2; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The initial burden of establishing disability rests upon the claimant. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the ALJ reaches step five, the burden shifts to the

3 - OPINION AND ORDER

Commissioner to show that jobs exist in the national economy in the claimant's RFC. *Id.* If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1566, 404.1520(g), 416.920(g).

## THE ALJ'S FINDINGS

The ALJ found Mr. Roland's testimony "not fully credible," Tr. 34, 37, and evaluated his RFC as follows:

> [T]he claimant has the . . . residual functional capacity to sit, stand and walk about six hours a day each. He can lift 20 pounds occasionally and 10 pounds frequently. He cannot climb ladders, ropes or scaffolds.

*Id.* at 37.

At step four, the ALJ found Mr. Roland unable to perform his past relevant work. *Id.* The ALJ solicited testimony from a vocational expert ("VE") who testified that Mr. Roland could perform work in the national economy as an assembler, optical goods technician, or fee collector. *Id.* at 513-14, 528. Accordingly, the ALJ determined Mr. Roland was not disabled under the Act at any time through the date of the decision. *Id.* at 37.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). This court must weigh "both the evidence that supports and that which detracts from the ALJ's conclusion." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (internal quotation marks and citation omitted). The reviewing court "may not substitute its judgment for

that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Batson*, 359 F.3d at 1193.

## DISCUSSION

Mr. Roland contends the ALJ failed to accurately assess his RFC because the ALJ did not properly evaluate limitations suggested by reviewing physicians. Pl. Opening Br. at 4. Mr. Roland makes no other argument and does not challenge the ALJ's credibility finding. Mr. Roland seeks remand for development of the record rather than immediate award of benefits.

### I.     Legal Standards

Mr. Roland submits that, "It is well established that an ALJ may not reject any doctor's uncontradicted opinion without providing clear and convincing reasons for doing so." Pl.'s Op. Br. at 3 (citing *Bilby v. Schweiker*, 762 F.2d 716, 718 (9th Cir. 1985)). The indicated citation explains: "Although a medical expert's opinion regarding disability is not binding on the ALJ, the ALJ must provide clear and convincing reasons for rejecting an *uncontroverted* medical opinion." *Bilby*, 762 F.2d at 718 (emphasis added). In light of this, Mr. Roland argues:

> the Ninth Circuit made no distinction between the opinions of non-examining, examining, or treating medical experts, and in subsequent cases which have made such a distinction, no case has held that the ALJ is *not* required to set forth reasons for rejecting the opinion of a non-examining medical expert. Accordingly, the rule set forth in *Bilby* is still law.

Pl.'s Op. Br. at 3 (emphasis in original). His analysis does not, however, acknowledge that *Bilby* only applies to uncontradicted opinions. *Bilby*, 762 F.2d at 718. *Bilby* contains no language displacing the standards for evaluating treating, examining, and reviewing physician opinions.

5 - OPINION AND ORDER

Generally, a treating physician's testimony is given more weight than that of an evaluating or reviewing physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide "clear and convincing reasons" for rejecting the uncontradicted opinion of a treating physician. *Id*. Likewise, the opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexmaining physician. *Id*. However, "[t]he opinion of a nonexamning physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician." *Id.* at 831 (emphasis in original).

## II.    Reviewing Physicians Drs. Westfall, Alley, and Wilson

Mr. Roland submits that the ALJ "ignored" assessments by reviewing physicians Drs. Westfall, Alley, and Wilson. Pl. Opening Br. 3. Mr. Roland suggests these physicians found binding limitations in Mr. Roland's ability to reach overhead.

The ALJ did not ignore reviewing physician opinions. Rather, the ALJ specifically stated the "State Agency physicians have found the claimant limited to light exertion, which the undersigned finds reasonable since there is significant underlying degenerative disc disease to account for a degree of functional loss." Tr. 34. Each agency physician is addressed in turn.

### a.    Dr. Westfall

Dr. Westfall completed her first RFC assessment on September 3, 2000. Tr. at 300-05. On this initial form, Dr. Westfall endorsed restrictions in overhead reaching. *Id.* at 302. Her only explanation for this endorsement cited Mr. Roland's cervical surgery history, with no further remarks. *Id*. Because this assessment pre-dates Mr. Roland's February 2001 and December 2001

applications, Dr. Westfall's September 2000 assessment presumably stemmed from the May 2000 application.

Dr. Westfall completed a second RFC assessment on March 21, 2002. *Id.* at 380-87. This assessment omitted any reaching limitation. Thus, Dr. Westfall's September 2000 and March 2002 opinions are contradictory, and Mr. Roland's suggestion that the ALJ failed to follow the *Bilby* standard regarding uncontradicted opinions therefore fails.

    b.    **Dr. Alley**

Dr. Alley completed an additional RFC assessment on July 24, 2001. *Id.* at 354-61. This assessment predates Mr. Roland's December 2001 application and presumably corresponds to Mr. Roland's February 2001 application. Dr. Alley endorsed reaching limitations, with a brief note stating, "S/P cervical surgery [limited] in reaching overhead." *Id.* at 357. Dr. Alley's subsequent explanation referred to Mr. Roland's complaints of arm pain following surgery. Tr. 359. If an ALJ finds a claimant not credible, he is not required to accept a physician's opinion based upon a claimant's reports. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). For this reason, any omission in discussing Dr. Alley's endorsement is harmless. This court will not reverse for harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

    c.    **Dr. Wilson**

Dr. Wilson reviewed an unidentified RFC assessment on August 2, 2001. Tr. 363-64. Dr. Wilson stated that he agreed with the unidentified assessment, but offered no reasoning supporting his opinion. Tr. 363. Dr. Wilson's review presumably corresponds to the preceding RFC assessment, which was Dr. Alley's July 2001 assessment. Dr. Wilson's review is not

supported by any explanatory notes or findings. Such an opinion is appropriately rejected. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ is furthermore not required to discuss insignificant or non-probative evidence. *Howard ex rel Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). This court will not overturn the ALJ's omission of Dr. Wilson's review.

        **d.    Conclusion**

Mr. Roland's reading of the record does not accurately reflect Dr. Westfall's conclusions. His suggestion that *Bilby* applies to Dr. Westfall's contradictory opinions is not based upon the record and does not represent an accurate citation to the standard. The cited *Bilby* standard explicitly applies to uncontradicted opinions only. *Bilby*, 762 F.2d at 718.

Furthermore, any suggestion by Mr. Roland that Dr. Westfall's opinion is entitled to deference contradicts the established standard for physician opinions. No treating or examining physician of record suggests Mr. Roland is limited in overhead reaching. *See* Tr. at 317-46, 368, 410, 419, 459-64, 470-71. A reviewing physician's opinion alone cannot constitute substantial evidence justifying rejection of a treating or examining physician's opinion. *Lester*, 81 F.3d at 831.

The narratives submitted by Drs. Westfall and Alley additionally do not support their respective limitations in September 2000 and July 2001. Tr. 302, 361. An ALJ may reject opinions which are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss*, 427 F.3d at 1216. For this reason, the ALJ was justified in omitting their suggested limitations.

Because the ALJ is not required to discuss evidence "that is neither significant nor

probative," the ALJ did not err in failing to discuss the opinions discussed above. *Howard*, 341 F.3d at 1012.

### III. The *Stout* Argument

Mr. Roland relies on *Stout v. Commissioner*, 454 F.3d 1050 (9th Cir. 2006), to support his position regarding omission of the opinions discussed above. Pl.'s Reply Br. at 2-3. The *Stout* panel explicitly limited their review, discussion, and holding to lay witness testimony only. *Id.* at 1051-53, 1055- 56.[3] Mr. Roland's quoted citations discuss lay witness testimony only. Pl.'s Reply Br. at 2. Reviewing physicians are not lay witnesses. Mr. Roland's argument blurs the distinction between physicians and lay witnesses and again misconstrues the applicable standards for rejecting medical opinions.

Mr. Roland suggests the Ninth Circuit applies the "*Stout* standard" regarding lay witness testimony to medical testimony. *Id.* at 2 (citing *Widmark v. Barnhart*, 454 F.3d 1063, 1069 n.4 (9th Cir. 2005)). The relevant footnote suggests that omission of a limitation was not harmless where that limitation "ultimately led to an adverse disability finding." *Id.* The *Widmark* claimant's limitation was adequately supported by appropriate medical evidence. This is not the case regarding the opinions discussed above. This argument fails.

### CONCLUSION

The Commissioner's decision that Mr. Roland is not disabled and is therefore not entitled to benefits under Titles II and XVI of the Social Security Act is based upon correct legal standards and supported by substantial evidence. Plaintiff's arguments to the contrary are all to

---

[3] This court notes that the *Stout* panel explicitly rejected all other arguments. *Stout*, 454 F.3d at 1051 n.1.

9 - OPINION AND ORDER

often, neither: they are not based upon correct legal standards, but involve misreading relevant authority, and they are not supported by substantial evidence, but rest on a misreading of the record.  The Commissioner's decision is AFFIRMED and the case is DISMISSED.

IT IS SO ORDERED.

       Dated this  3rd  day of March, 2007.

                            /s/ Michael W. Mosman
                            Michael W. Mosman
                            United States District Judge